# EXHIBIT 12

LDF Legal Defense Fund

Advancing racial justice since 1940

April 16, 2026

FOIA/PA Mail Referral Unit
Department of Justice
Room 115
LOC Building
Washington, DC 20530-0001
MRUFOIA.Requests@usdoj.gov
*Submitted by e-mail*

Bureau of Alcohol, Tobacco, Firearms and Explosives
Information Privacy and Governance (IPG) Division
Room 4E.301
99 New York Avenue, NE
Washington, DC 20226
*Submitted by electronic portal*

Drug Enforcement Administration
Freedom of Information and Privacy Act Unit
Attn: Intake Sub-Unit
8701 Morrissette Drive
Springfield, Virginia 22152
DEA.FOIA@dea.gov
*Submitted by e-mail*

Federal Bureau of Investigation
Attn: Initial Processing Operations Unit
Record/Information Dissemination Section
200 Constitution Drive
Winchester, VA 22602
*Submitted by electronic portal*

Re: Request for Documents on the Implementation of a September 2025 executive order and National Security Presidential Memorandum-7

To Whom It May Concern:

This is a request under the Freedom of Information Act, 5 U.S.C. § 552, to certain components and agencies of the U.S. Department of Justice ("DOJ") from the NAACP Legal Defense and Educational Fund, Inc. ("LDF"). Please direct this request to the following components and agencies within DOJ:

- *DOJ Civil Rights Division;*
- *DOJ National Security Division;*
- *DOJ Office of the Associate Attorney General;*
- *DOJ Office of the Attorney General*;

- *DOJ Office of the Deputy Attorney General*;
- Office of Field Operations, Office of Intelligence Operations, and the Operations Group of the *Bureau of Alcohol, Tobacco, Firearms, and Explosives*;
- Inspection Division, Intelligence Division, and Operations Division of the *Drug Enforcement Administration*; and
- Office of the Director, Office of the Deputy Director, National Security Branch, Criminal Investigative Division, Office of Law Enforcement Coordination, Albany Field Office, Atlanta Field Office, Baltimore Field Office, Birmingham Field Office, Buffalo Field Office, Dallas Field Office, New York Field Office, and Washington Field Office of the *Federal Bureau of Investigation*.

A. Background

This request seeks certain records related to the implementation of the President's September 22, 2025, Executive Order purporting to designate "Antifa" as a domestic terrorist organization[1] and National Security Presidential Memorandum-7,[2] which followed the Executive Order on September 25 (collectively, the "Executive Order"). On December 24, the Attorney General issued a memorandum directing federal law enforcement and prosecutors to investigate and target a broad, decentralized movement that lacks any central leader, membership roll, or command structure for prosecution (the "AG Memorandum").[3] The Executive Order and AG Memorandum have had a substantial negative impact on LDF's constituents – namely, Black persons and other persons of color. LDF makes this FOIA request to obtain information to protect the civil rights of all of LDF's constituents.

Since the issuance of these directives, the government has engaged in aggressive investigative and intelligence activities. Media reporting shows that the FBI has opened NSPM-7 investigations into dissent against immigration enforcement in at least 23 field offices.[4] In New York the FBI has worked with the New York Police Department to surveil the encrypted planning conversations of court watchers and treat them as terrorists.[5] And the effects of these investigative priorities and narratives have been fatal: When ICE killed an unarmed driver in Minneapolis, Minnesota, a mother of three who had been observing and protesting ICE activity in the area, the White House and

---

[1] Order, *Designating Antifa as a Domestic Terrorist Organization*, 90 Fed. Reg. 46317 (Sept. 22, 2025), https://www.govinfo.gov/content/pkg/FR-2025-09-25/pdf/2025-18709.pdf.

[2] Nat'l Security Presidential Memorandum-7, *Countering Domestic Terrorism and Organized Political Violence,* 90 Fed. Reg. 47225 (Sept. 30, 2025), https://www.federalregister.gov/documents/2025/09/30/2025-19141/countering-domestic-terrorism-and-organized-political-violence.

[3] Off. of the Att'y Gen., Memorandum, *Implementing National Security Presidential Memorandum-7: Countering Domestic Terrorism and Organized Political Violence* (Dec. 4, 2025), available at https://www.kenklippenstein.com/api/v1/file/310cfb3c-c9f4-4828-870c-63842dc14c2d.pdf.

[4] Sam Levin, *Revealed: FBI Opened Domestic Terrorism Investigations into Anti-ICE Activity Across US,* THE GUARDIAN,(Dec. 19, 2025), https://www.theguardian.com/us-news/2025/dec/19/fbi-terrorism-investigations-anti-ice-activity.

[5] Sam Levin, *The FBI Spied on a Signal Group Chat of Immigration Activists, Records Reveal,* THE GUARDIAN,(Nov. 21, 2025), https://www.theguardian.com/us-news/2025/nov/21/fbi-signal-group-chat-immigration.

federal officials immediately labeled the woman a domestic terrorist.[6] Subsequently, federal agencies stated that they opened NSPM-7 investigations of nonprofits with alleged ties to the activities of the woman its agents had killed.[7]

Federal budget requests and analysis suggest that the FBI is in the process of developing an "NSPM-7 Joint Mission Center" or "JMC."[8] The JMC will operate on a cross-government model and appears to implement old, flawed counterterrorism intelligence and investigative methods against the new subject matter covered by NSPM-7. The public knows little about how the JMC will operate, despite its potential for significant impact on rights and safety.

These efforts delegitimize longstanding activities of Black and allied advocates to promote the civil rights of their communities. The public has a significant interest in these issues and LDF seeks policy, procedure, intelligence, and other documents related to the implementation of the executive order and NSPM-7 that authorize or facilitate governmental targeting of critics of police abuse.

*B. Definitions*

For the purposes of this request, "Listed Terms" means the following keywords:

- "AGAAVE";
- "Anarchist";
- "Anarchist violent extremist";
- "Antifa";
- "Antifa-aligned";
- "Anti-government and anti-authority violent extremist";
- "Black Lives Matter";
- "Racially or Ethnically Motivated Violent Extremism";
- "RMVE-Black";
- "RMVE-BS";
- "Countering Domestic Terrorism and Organized Political Violence";
- "Designating Antifa as a Domestic Terrorist Organization";

[6] Michelle L. Price, Associated Press, *Vance Calls Killing of Minneapolis Woman by an ICE Officer 'A Tragedy of Her Own Making',* AP, (Jan. 8, 2026), https://apnews.com/article/vance-minnesota-immigration-enforcement-06b23b428edcc8498362be4ac656f201 (statement by Vice President, situating the ICE killing in NSPM-7's framing of a purported "left-wing network"); Tricia McLaughlin (@TriciaOhio), X (Jan. 7, 2026 at 12:41 PM) https://x.com/TriciaOhio/status/2008957179793998266 (hyperbolic DHS press statement immediately following the killing).
[7] Minho Kim, *'Hundreds More' Federal Agents to Be Deployed to Minneapolis, Noem Says*, NY TIMES (Jan. 11, 2026), https://www.nytimes.com/2026/01/11/us/politics/federal-agents-minnesota-ice-shooting.html.
[8] See Ken Klippenstein, *Exclusive: FBI's New Political Pre-Crime Center*, Substack (Apr. 5, 2026), https://www.kenklippenstein.com/p/fbis-new-political-pre-crime-center; Dept. of Justice, *FY 2027 FBI Budget Request to Congress* (Mar. 2026), https://www.justice.gov/jmd/media/1434246/dl?inline; Charity & Security Network, *FBI and IRS Concretize Implementation of NSPM-7* (Apr. 9, 2026), https://charityandsecurity.org/news/fbi-and-irs-concretize-implementation-of-nspm-7/.

- "National Security Presidential Memorandum-7";
- "NSPM-7";
- "Prairieland"; and
- "Turtle Island".

*C. Request for Information*

LDF requests two sets of records. ***First***, we request that DOJ entities produce records that: (1) were created between January 20, 2025, and the date of production; (2) contain *one or more* of the Listed Terms; and (3) fall within one of the following categories of DOJ records:

1. Policies, privacy analyses, privacy impact assessments, privacy threshold analyses, legal analyses, directives, instructions, concepts of operations, operations proposals, or standard operating procedures;

2. Finished intelligence reports, raw intelligence reports, open-source information reports, field intelligence reports, intelligence assessments or bulletins, intelligence products, situational awareness reports, field analysis reports, or suspicious activity reports;

3. Records received from or shared with state, local, and other federal law enforcement or intelligence agencies;

4. Records received from or shared with members of the private sector; and

5. Training documents.

***Second***, we request that DOJ entities produce the following categories of records created between January 20, 2025, and the date of production that relate to the creation, implementation, or operations of the FBI's NSPM-7 Joint Mission Center ("JMC"):

1. Policies, privacy analyses, privacy impact assessments, privacy threshold analyses, legal analyses, directives, instructions, concepts of operations, operations proposals, or standard operating procedures;

2. Memoranda of understanding, memoranda of agreement, or agreements for personnel of any agency to participate in the JMC;

3. Communications with Congress, inspectors general, or the U.S. Government Accountability Office regarding the JMC;

4. Solicitations, requests for proposals, proposals submitted to DOJ, contract awards, statements of work, contract documents, marketing or explanatory documents, records of determination and findings, challenges to and appeals of

procurement determinations, and other documents memorializing a contract with DOJ regarding personnel, technology, or data deployed to or used by the JMC;

5. Records received from or shared with state, local, and other federal law enforcement or intelligence agencies regarding the JMC or its operations; and

6. Any intelligence reports—regardless of format—issued by or coordinated with the JMC.

*D. <u>Guidance Regarding the Search and Processing of Requested Records</u>*

In connection with this request for records, please observe the following guidance regarding the scope of the records sought and the search and processing of records:

1. Please search all locations and systems likely to have responsive records, regardless of format, medium, or physical characteristics. Please search all locations and systems regardless of format, including email, chat platforms (e.g., Microsoft Teams, Zoom), text messages, shared drives, SharePoint repositories, learning management systems, and records maintained on mobile devices or personal accounts used for official business.

2. In conducting your search, please understand the terms "record," "document," and "information" in their broadest sense, to include any written, typed, recorded, graphic, printed, or audio material of any kind.

3. This request for records includes any attachments to those records or other materials enclosed with those records when they were previously transmitted. By way of example only, to the extent that an email is responsive to one of the above requests, this request includes all prior messages sent or received in that email chain, as well as any attachments to the email.

4. Please search all relevant records or systems containing records regarding agency business. Do not exclude records regarding agency business contained in files, email accounts, or devices in the personal custody of your officials, such as personal email accounts or text messages. Records of official business conducted using unofficial systems or stored outside of official files are subject to the Federal Records Act and FOIA. It is not adequate to rely on policies and procedures that require officials to move such information to official systems within a certain period of time. LDF has a right to records contained in those files even if material has not yet been moved to official systems or if officials have, by intent or through negligence, failed to meet their obligations.

5. Please use all tools available to your agency to conduct a complete and efficient search for potentially responsive records. Agencies are subject to governmentwide requirements to manage agency information electronically, and many agencies have adopted the National Archives and Records

Administration (NARA) Capstone program, or similar policies. These systems provide options for searching emails and other electronic records in a manner that is reasonably likely to be more complete than just searching individual custodian files. By way of example only, a custodian may have deleted a responsive email from his or her email program, but your agency's archiving tools may capture that email under Capstone. At the same time, custodian searches are still necessary; agencies may not have direct access to files stored in .PST files, outside of network drives, in paper format, or in personal email accounts.

6. In the event some portions of the requested records are properly exempt from disclosure, please disclose any reasonably segregable non-exempt portions of the requested records. If a request is denied in whole, please state specifically why it is not reasonable to segregate portions of the record for release.

7. Please take appropriate steps to ensure that records responsive to this request are not deleted by the agency before the completion of processing for this request. If records potentially responsive to this request are likely to be located on systems where they are subject to potential deletion, including on a scheduled basis, please take steps to prevent that deletion, including, as appropriate, by instituting a litigation hold on those records.

*E. Format of Production*

Please search for responsive records regardless of format, medium, or physical characteristics, and including electronic records. Please Bates-stamp all records upon their first production. Please provide the requested records **via email to jpprecordsrequest@naacpldf.org** formatted as follows:

- PDF for text files and original native format (e.g., Excel spreadsheet) for data records;
- All attachments to emails included immediately following the produced email;
- Without password protection;
- Electronically searchable; and
- Including any metadata, BCC lines in emails, and hidden fields.

*F. Fee Waiver*

LDF is a non-profit organization with a decades-long history of providing our large audience with information related to government accountability, civil rights, and human rights. LDF has no commercial interest in any material we obtain.

LDF is entitled to a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) on the grounds that "disclosure of the requested records is in the public interest because it is likely to contribute significantly to the public understanding of the activities or operations of the government and is not primarily in the commercial interest of the requester." LDF

meets the requirements for a fee waiver because the subject of the request concerns the operations or activities of the government. The disclosure of the information is likely to contribute to a significant public understanding of government operations that target constitutionally protected activity, LDF's primary interest is in disclosure to the public and impacted communities, and as a non-profit organization dedicated to educating the public about government impact on civil rights, LDF has no commercial interest in the information. See 6 C.F.R. § 5.11(b).

LDF will make information that it receives from this FOIA request available to the public, including the press, at no cost. Disclosure in this case, therefore, meets the statutory criteria, and a fee waiver would fulfill Congress' legislative intent in amending FOIA. See *Judicial Watch Inc. v. Rossotti,* 326 F.3d 1309,1312 (D.C. Cir. 2003) ("Congress amended FOIA to ensure that it be 'liberally construed in favor of waivers of noncommercial requesters.'") (citing *McClellan Ecological Seepage Situation v. Carlucci*, 835 F.2d 1282, 1284 (9th Cir. 1987)).

In the alternative, if no fee waiver is granted and the fees exceed $250.00, please contact LDF to obtain consent to incur additional fees. Processing fees should be limited pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) ("[F]ees shall be limited to reasonable standard charges for document duplication when records are not sought for commercial use and the request is made by . . . a representative of the news media.").

LDF asks for a full waiver of any fees associated with the processing and production of records related to this request if electronic copies of responsive records are not available. If a full fee waiver is not possible, we request a discounted rate.

G. *Request for Expedited Processing*

LDF requires expedited processing of this request because there is a "compelling need" for the public to have the requested information. *See* 5 U.S.C. § 552(a)(6)(E)(i)(I). A "compelling need" exists where there is an "urgency to inform the public concerning actual or alleged Federal Government activity," and the requesting party is "primarily engaged in disseminating information." 6 C.F.R. § 5.5(e)(ii).

Community members and the public who have participated or are considering participating in constitutionally protected activities are concerned how the federal government may surveil and criminalize those efforts. Disclosure of the requested records will likely contribute to a better understanding of relevant government policies and procedures by the general public in a significant way.

To meet this urgent need, LDF intends to use these records to help the public understand government activities and the impact on their rights. Accordingly, expedited processing is necessary.

*H. Conclusion*

FOIA requires an agency to respond to FOIA requests within 20 business days upon receipt of the request. 5 U.S.C. § 552 (a)(6)(A)(i). We look forward to your prompt response in compliance with the law.

LDF certifies that the above information is true and correct to the best of LDF's knowledge. If this Request is denied in whole or in part, LDF asks that DOJ justify all deletions by reference to specific exemptions of FOIA. LDF expects DOJ to release all segregable portions of otherwise exempt material. Additionally, LDF reserves the right to appeal a decision to withhold any records or a decision to deny this application for expedited processing and fee waiver.

Please send all responses and correspondence via email to: Spencer Reynolds at **jpprecordsrequest@naacpldf.org**. Thank you in advance for your prompt attention to this request.

Respectfully submitted,

Spencer Reynolds
Senior Counsel, Justice in Public Safety Project
NAACP Legal Defense and Educational Fund, Inc. (LDF)